## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GARY DAVIS, | ) | |
|             Movant, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-359-SEB-DML |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

### *Castro* Notice

### I.

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "[A]ny paper asking for the relief provided by § 2255 ¶ 1 *is* a motion under § 2255, without regard to its caption or other details." *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003) (citing cases).

The court determined that the filing of December 20, 2012, seeks relief within the scope of § 2255. That document has been processed accordingly and was filed on March 1, 2013, as a motion pursuant to 28 U.S.C. § 2255.

### II.

Because of the manner in which this action was opened, the movant is entitled to notice of the treatment—which has already been issued—and notice that any subsequent motion pursuant to § 2255 is subject to restrictions. He must also be afforded the opportunity to withdraw or amend the motion to include all § 2255 claims which the pro se movant believes he has. *Castro v. United States,* 540 U.S. 375, 383 (2003). The court intends that the movant have this opportunity.

"A post-judgment motion [in a criminal action in federal court] needs a source of authority for the judge to act. . . ." *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). This is because "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997); *see also United States v. Krilich,* 257 F.3d 689, 693 (7th Cir. 2001).

Because of the circumstance just described, it is important that a defendant seeking relief pursuant to ' 2255 set forth all claims and grounds on which he seeks relief. The failure to do so jeopardizes the defendant's potential opportunity to present a claim which is omitted from the first such motion. As explained in *In Re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), A[t]he amended section 2255 gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, as defined in the section (newly discovered evidence of innocence or a new and retroactive rule of constitutional law)@ for being allowed another bite. *Id.*

A defendant in the position of the movant, having filed a post-sentencing challenge which is within the scope of ' 2255 but which is not expressly brought pursuant to that statute, is entitled to notice of the foregoing.

This Entry **constitutes and supplies the movant with the notice** to which he is entitled.

### III.

The movant shall have **through April 15, 2013,** in which to **either supplement** his motion filed on March 1, 2013, with a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence **or withdraw** such motion insofar as it could be thought to seek relief authorized by 28 U.S.C. ' 2255. He may, in the alternative, notify the court that the filing of March 1, 2013, does constitute a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence.

The clerk shall include with the movant's copy of this Entry a copy of the March 1, 2013, filing.

**IT IS SO ORDERED.**

Date: 03/18/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary Davis, #09414-028
Greenville Correctional Institution
P.O. Box 5000
Greenville, IL 62246

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.